CANDAL ET AL., PLAINTIFFS AND APPELLEES, *v.* VARGAS ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Election
Contest.—Motion for Reconsideration.

### No. 2418.—Decided June 23, 1921.

COSTS—ATTORNEY FEES—DISCRETION OF COURT—ELECTION CONTEST.—The allowing of costs and attorney fees is a matter exclusively within the discretion of the court, even in special proceeding like an election contest.

The facts are stated in the opinion.

*Messrs. J. Soto Rivera* and *L. Feliu* for the appellants.

*Mr. R. Cuevas Zequeira* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

On May 20, 1921, this court reversed the judgment of the lower court in this contested election case and dismissed the complaint without costs. The defendants have moved for a reconsideration of our judgment as regards the matter of costs, praying that the costs, expenses, disbursements and attorney fees be imposed upon the plaintiffs on the ground that as this action is a special proceeding, they are entitled to such relief according to sections 328 and 330 of the Code of Civil Procedure. The plaintiffs opposed the motion.

There is no doubt that an action to contest an election is a special proceeding and we so held in the case of *Pérez et al. v. López, District Judge,* 18 P. R. R. 630; therefore, without discussing that matter, we shall proceed to consider the question of costs and attorney fees.

As we have seen, the defendants claim as a matter of right that the costs and attorney fees should be imposed upon the plaintiffs and base that claim on the fact that section 328 of the Code of Civil Procedure allows costs to the plaintiff and section 330 allows costs to the defendant in the cases enumerated in said section 328 when they respectively recover judgment, one of those cases being that of a special proceeding.

In the case of *Zorrilla* v. *Orestes et al.,* 28 P. R. R. 698, that question was considered and disposed by this court in connection with the several amendments made to section 327 of the said Code and with Act No. 38 of April 12, 1917, in force when this action was commenced, the court arriving at the following conclusion:

" * * * that it was the clear intention of the Legislature to repeal all laws with respect to costs which were inconsistent with the provisions contained in section 327 as amended. In both the law of 1908 and the law of 1917 the Legislature says 'in all cases' where costs have been allowed, etc., and it is further provided in each law that fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, the degree of blame, if any, of the party against whom judgment is rendered, to be considered. We understand, and we always have understood, that the idea of the Legislature in passing the law of 1908 was to make costs and fees in all cases a matter within the discretion of the trial court. In other words, that the Legislature was seeking to make the matter of costs and fees practically what it had been in the local courts before 1904. It follows that section 328 of the Code of Civil Procedure was repealed and that costs 'as a matter of course' do not exist in Porto Rico."

Therefore, the defendants are wrong in contending that as a matter of right their costs, disbursements and attorney fees should be imposed upon the plaintiffs, and their motion for reconsideration must be overruled.

*Motion overruled.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.